UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

---

JAMES LYLE: QUELLO,

Petitioner,

v.

RICK ROLFFS and
PAUL SCHMIDT,

Respondents.

Civil No. 00-1990 (MJD/AJB)

REPORT AND RECOMMENDATION

---

THIS MATTER is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2254. The matter has been referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1(c). For the reasons discussed below, it is recommended that the petition for writ of habeas corpus be summarily dismissed pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

## I. BACKGROUND

Petitioner's self-styled petition provides very little information about the events that have caused him to seek federal habeas corpus relief. As far as the Court can tell, Petitioner has received notice that he is the subject of some form of warrant and "bail statement." He appears to be contending that such warrant and bail statement have

---

[1] Rule 4 provides that "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified."

FILED AUG 30 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

somehow resulted in "his liberties being unlawfully restrained," and have caused him to be "unable to perform the normal necessities of life." The petition does not clearly identify or describe the two Respondents beyond stating their names – Rick Rolffs and Paul Schmidt. Furthermore, the petition does not include (i) any comprehensible explanation of the historical facts giving rise to this action, (ii) a clear indication as to the constitutional rights or principles (if any) on which Petitioner's claims are based, or (iii) a description of the specific relief that Petitioner is seeking in this case.

Most significantly, (as discussed more fully below), there is no indication that Petitioner is currently in custody. His petition shows that he is residing with his wife at an address in Atwater, Minnesota, and nothing in his submissions suggests that he is presently incarcerated or that he has been convicted of any crime.

**II. DISCUSSION**

"The federal habeas statute gives the United States district courts jurisdiction to entertain petitions for habeas relief only for persons who are '<u>in custody</u> in violation of the Constitution or laws or treaties of the United States.'" <u>Maleng v. Cook</u>, 490 U.S. 488, 490 (1989) (<u>per curiam</u>), quoting 28 U.S.C. § 2254(a) (emphasis added by the Supreme Court). Moreover, federal habeas corpus relief is available only for persons who are "in custody" as of the date when such relief is requested. <u>Id</u>. at 490-91 ("[w]e have interpreted the statutory language as requiring that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed").

Here, there is no indication that Petitioner was in custody when he started this action. To the contrary, there is every indication that Petitioner was <u>not</u> in custody when

he filed his petition. Thus, the Court concludes that the instant petition cannot be entertained, and that it must be summarily dismissed. Because the merits of the petition have not been reached, the Court will recommend that the petition be dismissed without prejudice.[2]

## III. RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

Petitioner's "Petitioner for Writ of Habeas Corpus," (Docket No. 1), be summarily DISMISSED WITHOUT PREJUDICE.

Dated: August 30th, 2000

ARTHUR J. BOYLAN
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this report and recommendation by filing with the Clerk of Court and serving all parties, within ten days after being served with a copy thereof, written objections which specifically identify the portions of the proposed findings, recommendations or report to which

---

[2] The Court notes, however, that even if Petitioner were able to satisfy the "in custody" requirement, (now or hereafter), he must satisfy several additional conditions to be eligible for federal habeas corpus relief. First, he will have to present his claims on the habeas corpus form prescribed for use in this District. See Rule 2(c) of the Rules Governing Section 2254 Cases In The United States District Courts; Local Rule 9.3. Second, he will have to demonstrate that he has exhausted all available state court remedies -- including all rights of appeal. See 28 U.S.C. § 2254(b); O'Sullivan v. Boerckel, 119 S.Ct. 1728, 1731 (1999). Third, he will have to show that his claims are based on some alleged violation of his federal constitutional rights. See Estelle v. McGuire, 502 U.S. 62, 67 (1991) ("in conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, law or treaties of the United States").

objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief with ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.